UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROADCAST MUSIC, INC.; RICK'S MUSIC, INC.; RED SEA SONGS; HOUSE OF FUN MUSIC, INC.; SPIRIT ONE MUSIC, a division of SPIRIT MUSIC GROUP, INC.; HOT-CHA MUSIC CO.; UNICHAPPELL MUSIC INC.; PWMP ACQUISITION I LLC d/b/a PRIMARY WAVE BRIAN; MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; SONGS OF UNIVERSAL, INC.; ELSIE LOUISE PITTS MUSIC; BUTTERMAN PRODUCTIONS INC. d/b/a BUTTERMAN LAND PUBLISHING; WINDSWEPT HOLDINGS LLC d/b/a SONGS OF WINDSWEPT PACIFIC; and SMOOTH C PUBLISHING,

     Plaintiffs,

v.

MY IMAGE STUDIOS LLC d/b/a MIST HARLEM; CARLTON BROWN; WALTER EDWARDS; TANESHIA LAIRD; and AMILCAR PRIESTLEY,

     Defendants.

Case No. 19-1264

**COMPLAINT**

---

Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants My Image Studios LLC d/b/a Mist Harlem, Carlton Brown, Walter Edwards, Taneshia Laird, and Amilcar Priestley (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Rick's Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Red Sea Songs is a sole proprietorship owned by Steve Greenberg. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff House of Fun Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Spirit One Music is a division of Spirit Music Group, Inc., a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Hot-Cha Music Co. is a partnership owned by Daryl Hall and John Oates. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff PWMP Acquisition I LLC is a limited liability company doing business as Primary Wave Brian. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Elsie Louise Pitts Music is a sole proprietorship owned by Mark Pitts. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Butterman Productions Inc. is a corporation doing business as Butterman Land Publishing. Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Windswept Holdings LLC is a limited liability company doing business as Songs of Windswept Pacific. Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Smooth C Publishing is a sole proprietorship owned by Anita McCloud. Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Defendant My Image Studios LLC is a limited liability company organized and existing under the laws of the state of New York that operates, maintains and controls an establishment known as Mist Harlem located at 46 West 116th Street, New York, NY 10026 (the "Establishment"), in this district.

19. In connection with the operation of the Establishment, Defendant My Image Studios LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

20. Defendant My Image Studios LLC has a direct financial interest in the Establishment.

21. Defendant Carlton Brown is a principal of Defendant My Image Studios LLC with responsibility for the operation and management of that LLC and the Establishment.

22. Defendant Carlton Brown has the right and ability to supervise the activities of Defendant My Image Studios LLC and a direct financial interest in that LLC and the Establishment.

23. Defendant Walter Edwards is a principal of Defendant My Image Studios LLC with responsibility for the operation and management of that LLC and the Establishment.

24. Defendant Walter Edwards has the right and ability to supervise the activities of Defendant My Image Studios LLC and a direct financial interest in that LLC and the Establishment.

25. Defendant Taneshia Laird is a principal of Defendant My Image Studios LLC with responsibility for the operation and management of that LLC and the Establishment.

26. Defendant Taneshia Laird has the right and ability to supervise the activities of Defendant My Image Studios LLC and a direct financial interest in that LLC and the Establishment.

27. Defendant Amilcar Priestley is a principal of Defendant My Image Studios LLC with responsibility for the operation and management of that LLC and the Establishment.

28. Defendant Amilcar Priestley has the right and ability to supervise the activities of Defendant My Image Studios LLC and a direct financial interest in that LLC and the Establishment.

**CLAIMS OF COPYRIGHT INFRINGEMENT**

29. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 28.

30. Since May 2016, BMI has reached out to Defendants over fifty (50) times, by phone, mail and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices,

providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

31. Plaintiffs allege six (6) claims of willful copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

32. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

33. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

34. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all

respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

35. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

36. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

37. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: February 8, 2019  
       New York, New York

Respectfully Submitted,

**GIBBONS P.C.**

By: s/ J. Brugh Lower  
    Mark S. Sidoti  
    J. Brugh Lower  
    One Pennsylvania Plaza, 37th Floor  
    New York, New York 10119  
    Tel: (973) 596-4581  
    Fax: (973) 639-6292  
    msidoti@gibbonslaw.com  
    jlower@gibbonslaw.com

*Attorneys for Plaintiff*  
*Broadcast Music, Inc.*

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Funkytown |
| Line 3 | Writer(s) | Steve Greenberg |
| Line 4 | Publisher Plaintiff(s) | Rick's Music, Inc.; Steve Greenberg, an individual d/b/a Red Sea Songs |
| Line 5 | Date(s) of Registration | 1/3/80 |
| Line 6 | Registration No(s). | PAu 167-962 |
| Line 7 | Date(s) of Infringement | 4/15/18 |
| Line 8 | Place of Infringement | Mist Harlem |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Holiday |
| Line 3 | Writer(s) | Lisa Stevens; Curtis Hudson |
| Line 4 | Publisher Plaintiff(s) | House Of Fun Music, Inc.; Spirit One Music, A Division of Spirit Music Group, Inc. |
| Line 5 | Date(s) of Registration | 4/2/84 |
| Line 6 | Registration No(s). | PA 216-744 |
| Line 7 | Date(s) of Infringement | 4/15/18 |
| Line 8 | Place of Infringement | Mist Harlem |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | I Can't Go For That (No Can Do) |
| Line 3 | Writer(s) | Daryl Hall; John Oates; Sara Allen |
| Line 4 | Publisher Plaintiff(s) | Daryl Hall and John Oates, a partnership d/b/a Hot-Cha Music Co.; Unichappell Music Inc.; PWMP Acquisition I LLC d/b/a Primary Wave Brian |
| Line 5 | Date(s) of Registration | 9/17/81 |
| Line 6 | Registration No(s). | PA 115-197 |
| Line 7 | Date(s) of Infringement | 4/15/18 |
| Line 8 | Place of Infringement | Mist Harlem |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Maneater |
| Line 3 | Writer(s) | Sara Allen; John Oates; Daryl Hall |
| Line 4 | Publisher Plaintiff(s) | PWMP Acquisition I LLC d/b/a Primary Wave Brian; Daryl Hall and John Oates, a partnership d/b/a Hot-Cha Music Co.; Unichappell Music Inc. |
| Line 5 | Date(s) of Registration | 11/4/82 |
| Line 6 | Registration No(s). | PA 155-536 |
| Line 7 | Date(s) of Infringement | 4/15/18 |
| Line 8 | Place of Infringement | Mist Harlem |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Way You Make Me Feel a/k/a The Way You Make Me Feel |
| Line 3 | Writer(s) | Michael Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music |
| Line 5 | Date(s) of Registration | 6/23/87 |
| Line 6 | Registration No(s). | PAu 994-389 |
| Line 7 | Date(s) of Infringement | 12/10/17 |
| Line 8 | Place of Infringement | Mist Harlem |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | You Remind Me a/k/a U Remind Me |
| Line 3 | Writer(s) | Edmund Louis Clement; Anita McCloud |
| Line 4 | Publisher Plaintiff(s) | Songs Of Universal, Inc.; Mark Pitts d/b/a Elsie Louise Pitts Music; Butterman Productions Inc. d/b/a Butterman Land Publishing; Windswept Holdings LLC d/b/a Songs Of Windswept Pacific; Anita McCloud d/b/a Smooth C Publishing |
| Line 5 | Date(s) of Registration | 4/17/03 |
| Line 6 | Registration No(s). | PA 1-147-408 |
| Line 7 | Date(s) of Infringement | 12/10/17 |
| Line 8 | Place of Infringement | Mist Harlem |